EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO PARODI y ERMESINDA CORREA, demandados y apelantes.

Núm. 7492.—*Sometido:* Marzo 29, 1938. *Resuelto:* Mayo 25, 1938.

*Mariano Acosta Velarde,* abogado de los apelantes; *Hon. Procurador General B. Fernández García y Harry B. Llenza,* Oficial Jurídico éste de la División de Hogares Seguros, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La corte de distrito ordenó la remoción de una pequeña casa o habitación de madera que medía catorce pies por cada lado y que había sido construída sin permiso alguno en un solar ya ocupado por una residencia. El dominio restringido de la casa de vivienda y del solar había pasado a los arrendatarios a virtud de un contrato de arrendamiento con derecho de propiedad otorgado por el Comisionado del Interior

de conformidad con las disposiciones de una "Ley para crear una Comisión de Hogares Seguros; autorizar la construcción de casas para artesanos y obreros con fondos de El Pueblo de Puerto Rico; proveer el arrendamiento de las mismas, con derecho de propiedad; para mejorar las condiciones de los terrenos de El Pueblo de Puerto Rico que sean seleccionados para la construcción de dichas casas . . . .'', aprobada el 11 de julio de 1921 (leyes de ese año, pág. 387), según fué enmendada en 1928 (leyes de ese año, pág. 467).

Sólo existen dos señalamientos de error. Estos son: primero, que la corte de distrito cometió error al sostener que las restricciones sobre edificación impuestas por la ley y por la Comisión de Hogares Seguros en su reglamento son aplicables tanto al arrendatario durante la vigencia del contrato de arrendamiento como a los dueños de la casa y el solar que han dejado de ser tales arrendatarios, y, segundo, que la corte cometió error al ordenar la demolición de la casa o habitación. La segunda de estas dos contenciones debe subsistir o caer con la primera.

Habría mucho peso en el argumento de los apelantes si la ley, los reglamentos y el contrato de arrendamiento fueran interpretados estrictamente. Tal interpretación tendería a privar al gobierno de su dominio sobre la higiene y salubridad públicas, así como sobre los tipos de seguros y sobre otras cuestiones relacionadas con las condiciones residenciales y comerciales en un proyecto de urbanización, y eventualmente a hacer surgir un recrudecimiento de las condiciones indeseables que todo proyecto de eliminación de arrabales trata de eliminar. Hasta ese extremo sería subversivo del propósito e intención clara de la Legislatura, conforme éstos son revelados por la historia, tendencia general y desarrollo de la ley en cuestión.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf está conforme con el resultado. *

---

* NOTA: Véase el prefacio.